**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randolph L. Chambers

    v.                                      Civil No. 05-cv-222-JD

New Hampshire State Prison,
Medical Department

**O R D E R**

In my scheduling order of August 2, 2005, I put the parties on notice that the first item to be considered at the August 10th hearing is exhaustion of remedies. Plaintiff has filed a document entitled "Affidavit" in which he asks to drop the suit if exhaustion is necessary.

Discussion

The complaint and the motion to amend complaint both reference the claims as a "civil rights action" and "Americans With Disabilities Act Violations". 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The plain language of § 1997e(a) requires prisoner actions under "any" federal law to meet the exhaustion requirement and that would include § 1983 and ADA claims.[1]  Plaintiff is wise to voluntarily dismiss.

The motion (document no. 10) is granted and the suit is dismissed without prejudice.

**SO ORDERED.**

                                                                                 _____
James R. Muirhead
United States Magistrate Judge

Date: August 10, 2005

cc:   Randolph L. Chambers, *pro se*

---

[1] A Title I ADA claim also must be administratively exhausted before the EEOC while a Title II ADA claim does not require such exhaustion.